# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTINA FINK, on behalf of the Nation Safe Drivers Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, MICHAEL SMITH, and FRANK MENNELLA, <br><br> Defendants, <br><br> and <br><br> WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> STOUT RISIUS ROSS, INC. and STOUT RISIUS ROSS, LLC, <br><br> Third-Party Defendants. | Case No. 19-1193-CFC |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED NOTICE OF SETTLEMENT**

Plaintiff Kristina Fink ("Plaintiff" or "Class Representative") has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Class Action Settlement Agreement with Execution Date of May 28, 2021 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court having read and considered the Settlement Agreement and the exhibits thereto,

IT IS HEREBY ORDERED that:

1. **Settlement.** Plaintiff, on behalf of herself and all members of the Class, and Defendant Wilmington Trust, N.A. ("Wilmington Trust"), Michael Smith, Andrew Smith and Frank Mennella ("Individual Defendants") (collectively, "Defendants"), have negotiated a potential settlement to this Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Wilmington Trust, the Individual Defendants and the other Released Parties (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.  **Jurisdiction.** This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in this Court is proper.

4.  **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5.  **Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this action, including no effect upon this action should the Final Order not be entered or should the Effective Date not occur), a class defined as:

    > all participants in the Nation Safe Drivers Employee Stock Ownership Plan at any time during the Class Period, and the beneficiaries of such participants. Excluded from the Class are shareholders who sold the stock of NSD Holdings, Inc., or its predecessor(s) ("NSD") to the Plan in September 2014, and their immediate families; the directors of NSD during the Class Period and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

6.  The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(a) is appropriate in that, in the settlement

context: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) and the Class Representative and her counsel will fairly and adequately represent and protect the interests of the Class Members. The Court also finds that class certification for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1) is appropriate because (A) prosecuting separate actions would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for the party opposing the class and (B) any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members.

7. **Designation of Class Representative and Class Counsel.** The Court appoints the Plaintiff Kristina Fink as Class Representative, and the law firms of Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP, as Class Counsel.

8. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on _September 15_, 2021, at _12:00 p_.m., at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Unit 31, Room _4B_, to determine, among other

things: (i) whether the proposed Settlement of this Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph 1.16 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representative for her representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

9. **Class Notice.** The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1. The Court further finds that the form, content and mailing or emailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this Action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

10. **Settlement Administrator.** The Court appoints Simpluris ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

    a. At least ninety (90) days before the Fairness Hearing, Plaintiff shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint in this Action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Class;

    b. the Class Notice shall be substantially in the form of Exhibit 1 to the Settlement Agreement (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual Class Members; and

    c. The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

11. **Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses, and Service Awards, by filing a written objection with the Clerk of the United States District Court for the District of Delaware, United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, Unit 31, ~~Room~~

*MAA*, on or before twenty-one (21) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before twenty-one (21) calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Fink v. Wilmington Trust N.A.*, No: 19-1193-CFC); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of their counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents. Any Class Member who does not make their objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for her representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed seven (7) days before the Fairness Hearing.

12. **Appearance of Objectors at Fairness Hearing.** Any Class Member who files and serves a written objection in accordance with Paragraph 11 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived their right to appear.

13. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Award shall be filed and served no later than forty-five (45) calendar days prior to the Fairness Hearing.

14. **Fees, Expenses, and Awards.** Neither Wilmington Trust nor the Released Parties shall have any responsibility for any application for attorneys'

fees and expenses or Service Award request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Award to the Class Representative for her representation of the Class, should be approved.

15. **Releases.** If the Settlement is finally approved, the Plaintiff and the Class shall release the Released Parties from all Released Claims and all Class Members will be bound by the Final Approval Order.

16. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust or the Individual Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any

person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

17. **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

18. **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

19. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

20. **Jurisdiction.** This Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**IT IS SO ORDERED**

Dated: 6/7/21

THE HONORABLE COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE