# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTINA FINK, on behalf of the Nation Safe Drivers Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>      Plaintiff,<br><br>-vs.-<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, ANDREW SMITH, MICHAEL SMITH, and FRANK MENNELLA.<br><br>      Defendants,<br><br>and<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company.<br><br>      Third-Party Plaintiff,<br>    v.<br>STOUT RISIUS ROSS, INC. and STOUT RISIUS ROSS, LLC,<br><br>      Third-Party Defendants. | Case No. 19-1193-CFC<br><br>**DECLARATION OF DANIEL FEINBERG IN SUPPORT OF MOTION FOR FINAL APPROVAL** |

I, Daniel Feinberg, declare as follows:

1. I am a member in good standing of the State Bar of California, admitted to practice before this Court *pro hac vice*, and a partner in Feinberg, Jackson, Worthman & Wasow LLP (FJWW), which is counsel for Plaintiff in this matter together with Bailey & Glasser, LLP.

2. All the facts stated herein are true and correct within my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

3. I make this declaration in support of Plaintiff's Unopposed Motion for Final Approval of Settlement and Plaintiff's Unopposed Motion for Attorneys' Fees, Costs and Incentive Award.

**Background and Experience**

4. My former firm, Lewis, Feinberg, Lee & Jackson, P.C. (LFLJ) and its predecessors litigated cases under ERISA from 1976 until the firm closed in 2015. My new firm, FJWW, was formed in 2015 by attorneys who had worked at LFLJ. LFLJ engaged in litigation and consulting work throughout the United States on behalf of participants, plans, employers, unions, trustees and other fiduciaries, and service providers. The firm handled cases and advised clients on all aspects of employee benefits, including benefit entitlement, fiduciary responsibility, plan

design and administration, federal preemption, service-provider malpractice, prohibited transactions, and compliance with the requirements of the Department of Labor, Pension Benefit Guaranty Corporation, IRS and other regulatory agencies. FJWW has continued the same employee benefits practice.

5. I have been litigating ERISA claims since 1989. At LFLJ and FJWW, I have served as class counsel or co-counsel in numerous ERISA class actions, including, but not limited to, the following:

- *Neil v. Zell*, **275 F.R.D. 256 (N.D. Ill. 2011):** LFLJ represented as co-counsel participants and beneficiaries of the Tribune Company ESOP in a certified class action pending in the Northern District of Illinois. Plaintiffs alleged that defendants breached fiduciary duties and engaged in prohibited transactions in the 2007 Leveraged ESOP Transaction which permitted Sam Zell to take control of the Tribune Company. Tribune Company filed bankruptcy less than a year after the Transaction, and the ESOP's stock became worthless. After ruling in Plaintiffs' favor on several motions, the court approved plaintiffs' motion for class certification and appointed LFLJ as co-counsel for the class. In January 2012, the court granted approval to a $32 million settlement.

- *Pfeifer v. Wawa, Inc.*, 214 F. Supp. 3d 366 (E.D. Pa. 2016): FJWW was co-counsel for plaintiffs in this class action on behalf of certain terminated employee participants of the Wawa ESOP. Plaintiffs alleged that a 2015 amendment and subsequent forced liquidation of the class members' company stock violated ERISA. The settlement, approved in August 2018, resulted in a payment of $25 million on behalf of the class.

- *Cunningham v. Wawa, Inc.*, 387 F.Supp. 3d (E.D. Pa. 2019): FJWW is co-counsel for plaintiffs in in this class action on behalf of certain terminated employee participants of the Wawa ESOP. Plaintiffs alleged that 2014 and 2015 amendments and subsequent forced liquidation of the class members' company stock violated ERISA. The settlement, approved in April 2021, resulted in a payment of $21,625,000 on behalf of the class.

- *Fernandez v. K-M Indus. Holding Co., Inc.*, **646 F. Supp. 2d 1150 (N.D. Cal. 2009):** LFLJ represented as co-counsel a class of employees of Kelly-Moore Paint Company and CIG (an insurance company which, along with Kelly-Moore, was owned by K-M Industries Holding Co., Inc.) who were participants and beneficiaries of the K-M Industries Holding Co., Inc. ESOP. Plaintiffs alleged that Defendants breached their fiduciary duties under ERISA by causing the ESOP to purchase sponsoring employer stock at an inflated price. Plaintiffs settled with the Company and the family trust of its founder, William Moore, after briefing but before decision on their motion for summary judgment on the statute of limitations. Plaintiffs settled with the successor trustee of the ESOP after briefing but before decision on a motion for summary judgment on the merits. Class-wide settlements resulted in the payment of $55 million to the class.

- *Kindle v. Dejana*, 238 F. Supp. 3d 353 (E.D.N.Y. 2017): FJWW represented as co-counsel a class of participants in the Atrium ESOP. Plaintiffs alleged that Defendants breached their fiduciary duties under ERISA by selling the ESOP's Atrium stock to the Company's President and CEO for less than fair market value in 2011. Following one day of trial, the parties agreed to a settlement under which Dejana Defendants paid over $2.5 million on behalf of the class.

- *Gough v. Tennyson*, No. 17-cv-2215-PJH, 2017 WL 4310761 (N.D. Cal. Sept. 28, 2017): FJWW represented a class of participants in the Tennyson Electric ESOP. Plaintiffs alleged that Michael Tennyson, the President of Tennyson Electric, caused the Company to liquidate the ESOP's Tennyson Electric stock for less than fair market value in a 2015 transaction in which the ESOP received only $100,000 for its stock. The Court approved a $1,750,000 settlement in August 2018.

- *Gatto v. Sentry Services, Inc.*, **No. 13-cv-5721 (RMB)(GWG), 2014 WL 7338721 (S.D.N.Y. Dec. 19, 2014):** LFLJ and later FJWW was co-counsel for plaintiffs in an ERISA action alleging breaches of fiduciary duty and prohibited transactions by the fiduciaries of the Sentry Services, Inc. Employee Stock Ownership Plan (ESOP). *Inter alia*, plaintiffs allege that the ESOP's administrator failed to provide participants with annual benefit statements and kept the Plan's existence secret. The court granted final approval to a settlement with a total value of approximately $12 million.

- *Douglin v. GreatBanc Trust Co.*, **115 F. Supp. 3d 404 (S.D.N.Y. 2015):** FJWW was co-counsel for plaintiffs in an ERISA class action alleging breaches of fiduciary duty and prohibited transactions by the trustee of the People Care Holdings, Inc. Employee Stock Ownership Plan (ESOP). Plaintiffs alleged that the trustee caused the ESOP to pay far more than fair market value for stock purchased from the company's top executives. The court certified the class in 2015. The parties settled for $4.75 million.

- *Vincent v. Reser*, **No. 11-cv-03572-CRB, 2013 WL 621865 (N.D. Cal. Feb. 19, 2013):** The complaint, filed in July 2011, alleged that the former owner of Southern California Pipeline Construction, Inc. ("SCPC") sold 100% of SCPC's stock to the SCPC Employee Stock Ownership Plan ("ESOP") for more than fair market value in a November 2007 transaction. The SCPC stock owned by the ESOP currently has no value. The settlement, approved in February 2013, provides for a $5,125,000 payment to the SCPC ESOP for the benefit of the Plan's participants.

- *Kaplan v. Houlihan Smith & Co., Inc.*, **No. 12-C-5134, 2014 WL 2808801 (N.D. Ill. June 20, 2014):** LFLJ and co-counsel represented plaintiffs in an ERISA class action. The complaint alleged breaches of fiduciary duty and prohibited transactions by the fiduciaries of the Houlihan Smith ESOP in a series of transactions spinning off the company's operating assets to other shareholders. In June 2014, the court granted final approval to a $1,275,000 settlement.

- *In Re Consolidated Capital Consultants Litigation*, **No. 00-cv-1290-KI (D. Or.):** The firm served as Plaintiffs' co-counsel in four consolidated class actions in the District of Oregon arising from what was at the time the largest pension investment fraud in U.S. history. We achieved settlements of the classes' breach of fiduciary duty claims against the plans' trustees and investment advisors which resulted in payment of approximately $13 million to the plans.

- *Udd v. Vidinsky, et al.,* **Case No. CV 04-05080 JW (N.D. Cal.)**: The firm represented participants and beneficiaries of the Valin Corporation Amended Employee Stock Ownership Plan, alleging breach of fiduciary duties and a prohibited transaction with respect to a July 12, 2001 purchase by the Plan of Valin shares from the family trust of its founder and president, Alan Vidinsky. Mr. Vidinsky acted on behalf of both his family trust and the Plan

5

in the transaction, and the suit alleged that the $6 million the Plan paid for 77,250 shares was more than fair market value. Pursuant to a settlement approved in 2006, the plan received an additional 53,327 shares worth approximately $3.13 million including interest.

- ***Bell v. Exec. Comm. of the UFCW Pension Plan for Employees***, 191 F. Supp. 2d 10 (D.D.C. 2002). The firm serves as lead counsel in a class action arising out of a pension fund hedge program. Settlements with plan trustees, investment manager and investment advisor resulted in the restoration of $10 million to the plan.

- ***Woznicki v. Raydon Corp.***, No. 618CV2090ORL78GJK, 2020 WL 1270223 (M.D. Fla. Mar. 16, 2020). The firm is co-counsel for a class of participants and beneficiaries of the Raydon Corporation ESOP. The plaintiff alleges that the ESOP paid more than fair market value in a September 2015 ESOP transaction. A settlement for $2.4 million is pending.

- ***Kayes, et al. v. Pacific Lumber Co., et al.*, 51 F.3d 1449 (9th Cir. 1995).** The firm served as counsel for a class of retirees and employees of Pacific Lumber Co. The complaint alleged that defendants' selection of Executive Life Insurance Company to provide annuities to pension plan participants (upon termination of the plan) violated ERISA's fiduciary standards. The Ninth Circuit decision upheld plaintiffs' standing to pursue the claims, affirmed the lower court finding that defendant corporate officers were fiduciaries, and broadly defined the term "plan asset" for purposes of ERISA's prohibited transaction provisions. On remand, the case settled, resulting in the payment of approximately $7 million to the class.

6.     I have also as class counsel or co-counsel in numerous class actions alleging violations of state labor laws relating to vacation pay and paid time off.

7.     I received a Bachelor of Arts degree, with high honors, from Swarthmore College in 1983. I received a Juris Doctor degree from the University of California, Berkeley, School of Law in 1988. I was hired by the firm then known as Sigman & Lewis as an associate in 1988 and became a partner in 1993. I

have specialized in employee benefits law since joining LFLJ. In November 2003, The Recorder newspaper gave me honorable mention in the category of top attorney for ERISA plaintiffs in the San Francisco Bay Area. I have also been named a "Northern California Super Lawyer" every year since 2005 and a Top 100 Lawyer by Northern California Super Lawyers from 2011 - 2018. I have been appointed as a Lecturer at Berkeley Law, and taught a course entitled "Employee Benefits Law" for the spring semester in 2012. In addition, I have served as a private mediator in ERISA-related litigation matters, including a class action in the Middle District of Florida wherein I was appointed Special Master by the Court for settlement purposes and pension class actions in the District of Nevada and the District of Arizona. I have also served as an expert witness in ERISA-related litigation. I was named a Fellow of the American College of Employee Benefits Counsel in 2008.

8. My publications include: ABA Employee Benefits Committee Newsletter, "The Seventh Circuit Revisits Class Certification of Breach of Fiduciary Duty Claims Involving Defined Contribution Plans," Fall 2013; ERISA Litigation Reporter, "*Abatie v. Alta Health* - A Victory for Plaintiffs on the Standard of Review," Vo. 14, No. 5, September-October 2006; The Practical Lawyer, "Independent Contractors, Leased Employees and Other Contingent Workers," Vol. 47, No. 2, March 2001; ERISA Litigation Reporter, "*Wetzel v. Lou

*Ehlers Cadillac Group LTD*: Distinctions Without a Difference?", October 2000; ERISA Litigation Reporter, "Varity Corp. v. Howe: The Plaintiff's Perspective," Vol. 5, No. 2, June 1996 (co-author with Jeffrey Lewis); Labor Center Reporter, "*Varity Corp. v. Howe*," Vol. 298, Summer 1996 and "Have You Been Denied Health Benefits Recently?", Vol. 303, Spring 1998 (co-author with Tyler Weaver); Tax Management Compensation Planning Journal, "Claims Against ERISA Plan Service Providers," Vol. 23, No. 8, August 4, 1995 (co-author with Robert Pizzo).

9. Along with three other partners, I founded FJWW in November 2015. The firm litigates a wide range of employment and civil rights cases on behalf of plaintiffs.

**FJWW Lodestar**

10. The below summary of time and expenses was taken from computer-based timekeeping programs, in which FJWW maintained their fees and expense records. The summary shows FJWW's time and expenses through July 29, 2021.

11. FJWW's fee summaries show the amount of time spent on this litigation and how FJWW's lodestar was calculated. Given the skills and experience required to litigate this case, FJWW is using the following rates in determining the lodestar:

| First Name | Last Name | Title | Hours | Rate | Lodestar |
|---|---|---|---|---|---|
| Dan | Feinberg | Partner | 148.5 | 975.00 | $ 144,787.50 |
| Todd | Jackson | Partner | 7.10 | 895.00 | $ 6,354.50 |
| Catha | Worthman | Partner | 0.10 | 825.00 | $ 82.50 |
| Darin Ranahan | Ranahan | Partner | 0.10 | 650.00 | $ 65.00 |
| Andrea | Obando | Associate | 14.50 | 450.00 | $ 6,525.00 |
| Caitlin | Kauffman | Fellow | 23.40 | 375.00 | $ 8,775.00 |
| Kelsey | Lawson | Paralegal | 0.20 | 265.00 | $ 53.00 |
| Megumi | Ozawa | Legal Asst. | 2.40 | 265.00 | $636.00 |
| **Total:** | | | **196.30** | | **$ 167,278.50** |

12.   I anticipate that additional time will be required for this case, including preparing for and attending the final approval hearing and continuing to oversee settlement administration. I estimate that these matters will require an additional 20 hours of my time. I estimate that my firm will incur additional litigation expenses in the amount of approximately $1,000.00 if the final approval hearing is in-person.

13.   The Eastern District of Pennsylvania recently approved my hourly rate of $975. *Cunningham v. Wawa, Inc.*, No. CV 18-3355, 2021 WL 1626482, at *8 (E.D. Pa. Apr. 21, 2021). The Court also approved the hourly rates for other

partners at FJWW, associate attorneys and support staff who also worked on this case.

14.  The total lodestar fees for Bailey & Glasser and FJWW to date are $423,690.00.

15.  FJWW's litigation expenses are summarized below:

| Category | Amount |
| --- | --- |
| Experts | $4,328.00 |
| Online Research | $131.42 |
| **Total:** | **$4,459.42** |

16.  The total litigation expenses for Bailey & Glasser and FJWW to date are $51,730.12. This total amount is comprised of ordinary litigation expenses such as copying, consulting experts, and process servers. The largest expense is for consulting experts whose input was necessary for counsel to evaluate the claims and defenses and potential recovery.

17.  My firm's contingency fee representation agreement with Plaintiff Kristina Fink provides for a fee of up to 33 1/3% of the recovery, plus reimbursement of expenses and costs.

18.  Attached hereto as Exhibit A and Exhibit B, respectively, are true and correct copies of declaration in support of Plaintiff's motion for attorneys' fees from Lynn Lincoln Sarko and R. Joseph Barton. Attached hereto as Exhibit C is a

true and correct copy of the Declaration of Jarrod Salinas regarding class notice and settlement administration.

19. The $5.5 million common fund settlement represents an average recovery of over $25,000 for each Class Member with a vested account balance. Class Members who never vested in the ESOP – and therefore no longer have any shares in their individual accounts – will each receive $50.

20. To date, Plaintiff's Counsel have devoted almost 600 hours of attorney and paralegal time to this action including: investigating the transaction and drafting the complaint; responding to Defendants' motions to dismiss or transfer the case; reviewing thousands of pages of documents; and analyzing valuation issues with an expert.

21. Plaintiff and Plaintiff's Counsel have a contingency representation agreement which provides for a fee of up to 33 1/3% of the recovery, plus reimbursement of expenses and costs.

22. Ms. Fink has played an integral role in fact-gathering for this case by providing key documents and background information and gathering information from other former NSD employees.

23. Bailey & Glasser has been plaintiff's counsel in at least six ESOP cases against Wilmington Trust in recent years and FJWW has also been plaintiff's counsel in some of these cases. Plaintiff's counsel's familiarity with Wilmington

Trust's process for ESOP Transactions helped us to identify which documents and issues to focus on in the present case. Following an informal discovery process and with the assistance of an expert, we were able evaluate Plaintiff's claims and Defendants' defenses. Defendants provided Plaintiff with documents we requested and additional documents in response to follow-up requests.

24.     After we reviewed the key documents, we consulted a valuation expert who provided an analysis of the valuation report that Wilmington Trust relied on for the ESOP Transaction and the actual fair market value of NSD at the time of the Transaction based on a review of key documents. Plaintiff's valuation expert opined that the Plan paid approximately $12 - $15 million in excess of fair market value in the EOSP Transaction based on several alleged valuation errors, including an improper control premium.

25.     The parties agreed to settlement terms after extensive arm's-length negotiations. The negotiations spanned three months. The parties discussed the claim and defenses and the key valuation issues. Both sides engaged in hard bargaining over three months between September – December 2020 prior to agreeing to settlement terms.

26.     Attached as Exhibit D is a true and correct copy of the proposed Final Judgment and Order of Dismissal with Prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2021 in Berkeley, CA.

_____

Daniel Feinberg