IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTINA FINK, on behalf of the Nation Safe Drivers Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company, MICHAEL SMITH, ANDREW SMITH, and FRANK MENNELLA,<br><br>    Defendants,<br><br>and<br><br>WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>STOUT RISIUS ROSS, INC. and STOUT RISIUS ROSS, LLC,<br><br>    Third-Party Defendants. | Case No. 19-1193-CFC |

### [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On August 3, 2021, Plaintiff Kristina Fink ("Plaintiff" or "Class Representative") submitted a Motion for Final Approval of the Settlement ("Final

Approval Motion") (D.I. 63) set forth in the Class Action Settlement Agreement dated May 28, 2021 (the "Settlement Agreement"). On the same day, Plaintiff also submitted to the Court her Unopposed Motion For An Order Awarding Attorneys' Fees and Costs And Expenses To Class Counsel, and A Service Award to Class Representative (D.I. 66) ("Motion for Attorneys' Fees").

On June 8, 2021, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. The Court also certified a Settlement Class, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on September 15, 2021. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Final Approval Motion and the Motion for Attorneys' Fees, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Class, and supporting affidavits.

On September 15, 2021, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses

to Plaintiff's Counsel and also to award to the Class Representative for her representation of the Settlement Class.

On September 24, 2021, Plaintiff's Counsel submitted additional information to the Court in support of Class Counsel's request for common fund attorneys' fees. D.I. 74.

On October 19, 2021, the Court issued an Order on the Final Approval Motion and the Motion for Attorneys' Fees. D.I. 75. The Court stated its willingness to approve the proposed settlement, but reduced the requested attorneys' fees to a $720,273 (applying a 1.7 multiplier to the lodestar fees of $423,690 as of the filing of the Motion for Final Approval). *Id.* at 11. The Court ordered Plaintiff to file amended motions consistent with the Order. *Id.* at 12.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Settlement Class defined as "all participants in the Nation Safe Drivers Employee Stock Ownership Plan at any time during the Class Period, and the beneficiaries of such participants. Excluded from the Class are the shareholders who sold the stock of NSD Holdings, Inc. or its predecessor(s) ("NSD") to the Plan in September 2014, and their immediate families; the directors of NSD during the Class Period and their immediate families; and legal representatives, successors, and assigns of any such excluded persons."

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(1)(B) is appropriate in that, in the settlement context: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Settlement

- 5 -

Class; (d) the Class Representative and her counsel will fairly and adequately represent and protect the interests of the Settlement Class; (e) the Settlement Class is ascertainable; and (f) individual adjudication by a Class Member disposes of, or substantially affects, the interests of absent Class Members.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointment of the Plaintiff Kristina Fink as Class Representative, and the law firms of Bailey & Glasser LLP and Feinberg, Jackson, Worthman & Wasow LLP as Class Counsel.

6. **Settlement Approval.** Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed.

8. **Releases.** The releases as set forth in section 3 of the Settlement Agreement are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in section 3 of the Settlement Agreement, including but not limited to the definitions of Released Claims and Released Parties. The Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

9. **Bar Order.** Plaintiff and all Class Members are hereby barred and enjoined from filing any claim or action against any Released Party based on, relating to, or arising from any Released Claim. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Released Party.

10. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Based on the Court's October 19 Order, Plaintiff and Class Counsel have now moved for an award of attorneys' fees in the amount of $720,273.00, and costs and expenses of $51,730.12. The Court has considered this revised application separately from this Judgment. The Court finds that an award of $720,273.00 in attorneys' fees, and $51,730.12 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

12. **Service Award.** The Court further finds that a Service Award for Ms. Fink in the amount of ~~$10,000,~~ $3,000 is fair and reasonable, and the Court approves the Service Award in this amount. The Court directs the Settlement Administrator to disburse that amount to Ms. Fink from the Settlement Amount as provided in the Settlement Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Wilmington Trust or the Individual Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any

negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose.

15. **Termination of Settlement.** The Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Class Counsel or Defendants' Counsel, as the case may be, of the termination of the Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

If the Settlement Agreement is terminated, the following shall occur: (i) Class Counsel or Defendants' Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the

Defendants, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Action shall for all purposes revert to its status as of January 28, 2021, and the Parties shall request a scheduling conference with the Court; and (iii) the Settlement shall be deemed void and of no further force and effect.

16. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

17. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. **CAFA Notice.** Wilmington Trust has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

20. **Action Closed.** The Clerk of the Court is hereby directed to close the Action.

**IT IS SO ORDERED.**

DATED: _12-6-21_

_____
THE HONORABLE COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE